THE ATTORNEY GENERAL
OF TEXAS



CRAWFORD C. MARTIN
ATTORNEY GENERAL

January 27, 1971

Honorable Ned Granger                    Opinion No. M-776
County Attorney
County Courthouse                        Re:  Does Article 45.36,
Austin, Texas                                 Vernon's Code of
                                              Criminal Procedure,
                                              require that the Jus-
                                              tice of the Peace pre-
                                              sent the State's case
                                              in a non-jury crimi-
                                              nal trial in the ab-
                                              sence of the county
Dear Mr. Granger:                             attorney?

        Your recent letter to this office requests our opinion
as to whether a Justice of the Peace, in view of Article
45.36 of Vernon's Code of Criminal Procedure, is required
to present the State's case in a non-jury criminal trial
in the absence of the county attorney or his assistant.

        Our opinion is that the Justice of the Peace has no
power or authority to present the State's case in a cri-
minal trial in the absence of the county attorney or his
assistant.  Section 21 of Article V, Constitution of Texas,
provides, in part, that,

        ". . . The County Attorneys shall represent the
        State in all cases in the District and inferior
        courts in their respective counties; but if any
        county shall be included in a district in which
        there shall be a District Attorney, the respect-
        ive duties of District Attorneys and County
        Attorneys shall in such counties be regulated by
        the Legislature. . ."

        Article 2.02, Vernon's Code of Criminal Procedure, like-
wise provides that,

        "The county attorney shall attend the terms of
        court in his county below the grade of district
        court, and shall represent the State in all
        criminal cases under examination or prosecu-
        tion in said county; . . ."

-3779-

We find no authority in the statutes or the Constitution for the Justice of the Peace to present the State's case or represent either the State or the defendant under any circumstances.

Article 45.03, Vernon's Code of Criminal Procedure, reads,

"All prosecutions in a corporation court shall be conducted by the city attorney of such city, town or village, or by his deputy. The county attorney of the county in which said city, town or village is situated may, if he so desires, also represent the State in such prosecutions. In such cases, the said county attorney shall not be entitled to receive any fees or other compensation whatever for said services. The county attorney shall have no power to dismiss any prosecution pending in said court unless for reasons filed and approved by the recorder."

In view of this Article, those prosecutions originating in a corporation court, must be conducted by a city attorney or by his deputy or by the county attorney.

Article 30.01, Code of Criminal Procedure, provides that no Justice of the Peace shall sit in any case if he has ever been counsel for either the State or the accused; and Article 2378, Vernon's Civil Statutes, in prescribing disqualifications of the Justice of the Peace, declares that he shall not sit ". . . in a cause where he may be interested. . ." If the Justice of the Peace should attempt to present the case for the State or represent to any degree either party to the proceeding, he would thereby disqualify himself to sit as the judge in the case.

A trial judge may ask questions of a witness to enable him to make an intelligent ruling or to make clear certain features of the testimony; his authority, however, falls far short of "presentation of" the State's case. Texas Digest, Crim. Law 656, 656(2), 1166 1/2(12), and Witnesses 246.

Therefore, considering all laws on the subject in para materia and harmonizing them, our opinion is that Article 45.36, Vernon's Code of Criminal Procedure, merely imposes upon the Justice of the Peace, in the interest of justice,

-3780-

the duty to examine the witnesses if the State or the defendant is not represented by counsel.  The statute does not imply that the Justice of the Peace shall have the authority to undertake the representation of the State's interest.

## S U M M A R Y

Article 45.36, Vernon's Code of Criminal Procedure. does not authorize or require the Justice of the Peace to present the State's case or undertake the representation of the State's interest in any case before him.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Robert Darden
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman

Jay Floyd
Sam Jones
John Reese
Gordon Cass

MEADE F. GRIFFIN
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant